UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
George Romaine,

                            Plaintiff,

    -against-

New York City College of Technology of
The City University of New York

                            Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-431 (SLT)(SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 01 2012 ★

BROOKLYN OFFICE

**TOWNES, United States District Judge:**

George Romaine ("Plaintiff"), an adjunct professor in the Humanities Department of New York City College of Technology ("Defendant" or "City Tech"), a senior college of The City University of New York, commenced the instant *pro se* action against Defendant on January 25, 2010, alleging claims of age and gender discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), respectively. On March 28, 2011, Defendant's motion to dismiss Plaintiff's initial complaint was granted in part and denied in part by a Memorandum and Order, wherein the Court dismissed Plaintiff's ADEA claim with prejudice but afforded Plaintiff an opportunity to file an amended complaint with respect to his Title VII failure to promote, gender discrimination and retaliation claims. Accordingly, Plaintiff filed an amended complaint (the "Amended Complaint") on April 18, 2011. In response, Defendant moved on September 12, 2011[1] to dismiss the remaining claims pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the reasons

---

[1] Defendant's second motion to dismiss was dated July 12, 2011 but filed on September 12, 2011.

[2] In its motion to dismiss, Defendant also appears to be arguing for the dismissal of



1

stated below, Defendant's motion is granted in part and denied in part.

## *FACTUAL ALLEGATIONS*

For purposes of the Rule 12(b)(6) motion to dismiss, the following factual allegations drawn from the Amended Complaint and the exhibits attached thereto are accepted as true and construed in the light most favorable to Plaintiff.[3] *See Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002); *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).

Plaintiff, who was born on July 3, 1935, served as a part-time adjunct associate professor in the Humanities Department of City Tech "for several years" and had "consistently made it clear" that he wished to be considered for a full-time position. Docket Entry ("DE") #20 at pp.3-4, 8. In May 2006, a full-time teaching position at City Tech was advertised in the New York Times, for which position Plaintiff "would have been very qualified."[4] DE #20 at p.8. Upon viewing the advertisement, Plaintiff expressed his interest in the position to Professor Cathy Santore, chairperson of City Tech's Humanities Department and head of the hiring committee. DE #20 at pp. 4, 8. Professor Santore responded to Plaintiff's expression of interest by

---

Plaintiff's ADEA claim on sovereign immunity grounds pursuant to Fed. R. Civ. P. 12(b)(1). This argument, however, is moot in light of the Court's previous dismissal of the ADEA claim with prejudice.

[3] Although a copy of the determination letter issued by the Equal Employment Opportunity Commission ("EEOC") was attached to the initial complaint, *see* DE #1 at pp. 9-11, the same letter was not attached to the Amended Complaint or otherwise incorporated by reference, *see generally* DE #20. As such, this Court cannot consider the factual contents of the determination letter for purposes of the instant Rule 12(b)(6) motion.

[4] Plaintiff indicates in the body of the Amended Complaint that the New York Times advertisement appeared in May 2006; however, in the letter attached to the Amended Complaint, Plaintiff specifies May 2007 as the date of the advertisement. *Compare* DE #20 at p.4 *to* DE #20 at p.8. Because Plaintiff states that he filed a charge with the EEOC on January 23, 2007 based upon, *inter alia*, Defendant's failure to promote him to the advertised full-time position, as a matter of logic, the date of the New York Times advertisement must have preceded the date of the EEOC filing. Thus, the date of the advertisement could not plausibly have been May 2007.

remarking: "George, 'they' want younger people." DE #20 at pp. 4, 8. Upon hearing this remark, Plaintiff decided not to submit an official application for the position, as "it would have been futile under the circumstances." DE #20 at p. 8.

Plaintiff also alleges that multiple substitute professor positions were offered to other professors despite the fact that Professor Santore had made a verbal promise to Plaintiff that he would be considered for the next open position. DE #20 at p. 9. When Plaintiff confronted Professor Santore, she falsely indicated to Plaintiff that she had told the Department Secretary to offer a substitute position to Plaintiff. DE #20 at p.9.

Additionally, Plaintiff's teaching schedule was modified and reduced from three to two courses per semester when Professor Santore became the chairperson of the Humanities Department. DE #20 at p.8. During the tenure of previous department chairpersons, Plaintiff had consistently been assigned three courses to teach. DE #20 at p.8. Soon after he filed a complaint of discrimination, Plaintiff was told that "there were no classes for [him] to teach" despite the fact that City Tech was experiencing increasing enrollment.[5] DE #20 at p.8. Plaintiff consequently was forced to apply for unemployment compensation while teaching only two courses "at the most undesirable times and days."[6] DE #20 at p.8.

Plaintiff noted that "age was a factor and perhaps something else" causing "the problems stated," which "began when Professor Santore became Chair." DE #20 at p.9. He observed that all but one full-time professor in City Tech's Humanities Department were female and that "the

---

[5] It is unclear on the face of the Amended Complaint whether the reference to the "complaint" that precipitated retaliation in the form of a reduction in the number of courses assigned to Plaintiff was intended as a reference to the EEOC charge filed on January 23, 2007 or the initial complaint filed before this Court on January 25, 2010.

[6] Although Plaintiff alleges that he was informed that no classes were available for him to teach, he does not appear to allege that he had actually ever been allocated a load of fewer than

3

new hires were also all female." DE #20 at p.9. Based on this statistic, he "speculated that there may have been gender bias operating." DE #20 at p.9.

On December 1, 2009, the EEOC issued a right-to-sue letter to Plaintiff after the EEOC found no violation of the applicable anti-discrimination statutes. DE #20 at p.7. Plaintiff filed the instant action on January 25, 2010 following his receipt of the right-to-sue letter on December 5, 2009. DE #20 at p.5.

## *DISCUSSION*

### *Standard of Review for a Rule 12(b)(6) Motion*

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor. *See Grandon*, 147 F.3d at 188. Furthermore, a complaint filed by a *pro se* plaintiff must be construed liberally and interpreted to raise the strongest arguments it suggests. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal citation omitted). The factual allegations set forth in the complaint, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient facts to state a claim that is plausible, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* A pleading satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 554 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002), which preceded *Twombly* and *Iqbal*, the Supreme Court had previously rejected a heightened

---

two courses at any given time.

factual pleading requirement with respect to employment discrimination cases. *See Swierkiewicz*, 534 U.S. at 510-11; *Barbosa v. Continuum Health Partners, Inc.*, 716 F.Supp.2d 210, 215 (S.D.N.Y. 2010). The Court held that "an employment discrimination complaint need not allege specific facts establishing a prima facie case of discrimination." *Barbosa*, 716 F.Supp.2d at 215 (citing *Swierkiewicz*, 534 U.S. at 514); *accord Chacko v. Worldwide Flight Servs.*, 2010 WL 424025, *3 (E.D.N.Y. Feb. 3, 2010) ("A plaintiff is not . . . required to meet [the] burden [of establishing a prima facie case] to survive a Rule 12(b)(6) motion.") Although *Twombly* held that *Swierkiewicz* "remains good law[,] . . . some courts and commentators have concluded that *Twombly* and *Iqbal* repudiated *Swierkiewicz*, at least to the extent that *Swierkiewicz* relied upon pre-*Twombly* pleading standards." *Barbosa*, 716 F.Supp.2d at 215 (internal citation omitted). "Reconciling *Swierkiewicz*, *Twombly* and *Iqbal*, a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Id.* (quoting *Fowler v. Scores Holding Co.*, 677 F.Supp.2d 673, 679 (S.D.N.Y. 2009)). "The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chacko*, 2010 WL 424025, at *3 (quoting *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1949) (quotation marks omitted).

***Failure to Promote Claim***

Plaintiff's Title VII failure to promote claim alleges that Defendant denied him a promotion to a full-time teaching position on the basis of his gender. Specifically, upon viewing a <u>New York Times</u> advertisement for a full-time position, Plaintiff "discussed this with Professor

5

Santore, Chair of the Humanities Department, City Tech[,] stating [his] desire to be considered." DE #20 at p.8. Because Professor Santore, who was also head of the hiring committee, "dismissed [his] request by stating, 'George, 'they' want younger people,' Plaintiff "did not see the point of making an official application[,] deducing that it would have been futile under the circumstances." DE #20 at p.8. Plaintiff speculated that "age was a factor and perhaps something else" and that "there may have been gender bias operating" in connection with the "problems stated," because "the new hires were . . . all female." DE #20 at p.9. Further, Plaintiff observed that "among all of the professors listed [on the roster of full-time professors in the Humanities Department], only one was a male." DE #20 at p.9.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), "the Supreme Court provided a framework for a prima facie claim based on an alleged discriminatory failure to promote as follows: plaintiff must allege that (1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (quotation marks omitted); *see also McDonnell Douglas*, 411 U.S. at 802; *Raskin v. Wyatt Co.*, 125 F.3d 55, 64 (2d Cir. 1997). Specifically, in establishing such a prima facie case, the plaintiff must show that he "applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Brown*, 163 F.3d at 710 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089 (1981)).

Although "the pleading requirements of the Federal Rules of Civil Procedure are not identical to the requirements of a prima facie claim of discrimination," *Chacko*, 2010 WL

424025, at *4 (citing *Swierkiewicz*, 534 U.S. at 514), for purposes of pleading a plausible failure to promote claim, a plaintiff is still required to allege that he or she applied specifically for the position in question. *See Brown*, 163 F.3d at 710. In the instant case, Plaintiff never submitted an official application for the full-time teaching position in which he expressed an interest. An allegation that a general request for promotion was made is insufficient for purposes of stating a failure to promote claim. Thus, Plaintiff's Title VII failure to promote claim must be dismissed as inadequately alleged. *See Brown*, 163 F.3d at 709 (holding that plaintiff's "failure to apply and be rejected for a specific position or positions is fatal to her failure to promote . . . claim[]".)

***Gender Discrimination Claim***

Plaintiff also alleges that Defendant discriminated against him on account of his gender, thereby violating Title VII. To establish a prima facie case for gender discrimination under Title VII, "a claimant must show that: 1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citing *Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002)).

Although Plaintiff is not required to allege specifically every element of the prima facie case in his pleadings, *see, e.g. Barbosa*, 716 F.Supp.2d at 215, he is still required to "plead any facts that would create an inference that any adverse action taken by . . . defendant was based upon [his] gender." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (internal citation and quotation marks omitted). This is so because "[t]he *sine qua non* of a gender-based discriminatory action claim under Title VII is that the discrimination must be *because of sex.*" *Patane*, 508 F.3d at 112 (quoting *Leibovitz v. N.Y. City Transit Auth.*, 252 F.3d 179, 189 (2d Cir.

2001)) (internal quotation marks omitted). Further, "it is axiomatic that mistreatment at work is actionable under Title VII only when it occurs because of an employer's sex, or other protected characteristic." *Id.* (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Plaintiff alleges that a gender imbalance exists among the ranks of full-time professors teaching in City Tech's Humanities Department; however, he has failed to state that he suffered an adverse employment action *because of* his gender. In the Amended Complaint, Plaintiff asserts that his teaching schedule was "reduced to two [courses] each semester" when "Professor Santore became the Chair [of City Tech's Humanities Department]" and that he "was told there were no classes for [him] to teach" after he filed a complaint for age and gender discrimination. Construed liberally, Plaintiff's allegations appear to be that an adverse employment action – i.e., a substantial reduction in the amount of work assigned or intended to be assigned to him – was taken against him as a result of his filing a discrimination complaint against City Tech. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (stating that "significantly diminished material responsibilities" is an example of an adverse employment action); *accord Patane*, 508 F.3d at 116 (recognizing significantly diminished material responsibilities as "sufficiently disadvantageous to constitute an adverse employment action in a Title VII case") (citing *Williams v. R.H. Donnelly, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004)).[7] Thus, "the only specific employment action[] that might qualify as materially adverse," i.e., the course assignment

---

[7] An adverse employment action is one "which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry*, 336 F.3d at 138 (quoting *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)) (internal quotation marks omitted). Examples of adverse employment actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, *significantly diminished material responsibilities*, or other indices unique to a particular situation." *Id.* (internal punctuation marks and citation omitted) (emphasis added).

8

reduction, has been "characterize[d] as retaliatory and not gender-based."[8] *Id.* at 112.

Because Plaintiff has not stated in connection with his Title VII gender discrimination claim that he suffered an adverse employment action specifically *because of* his gender, the claim must be dismissed as insufficiently alleged. *See Patane*, 508 F.3d at 112.

***Retaliation Claim***

"To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane*, 508 F.3d at 115 (citing *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)); *see also Gelin v. Snow*, 2005 WL 2456742, *10 (S.D.N.Y. Sept. 30, 2005). Although Plaintiff does not need to plead every element of the prima facie case, he must still plead facts tending to demonstrate the facial plausibility of the retaliation claim. *See, e.g., Barbosa*, 2010 WL 768888, at *3.

In connection with Plaintiff's Title VII retaliation claim, Plaintiff pleads:

> During my tenure at City Tech, previous Chairs upon my request, regularly gave me three courses to teach. However, when Professor Santore became the Chair, my schedule of classes was reduced to two each semester. After filing my complaint soon after that I was told there were no classes for me to teach and I therefore had to apply for unemployment compensation which I did. . . . In addition to my having to apply for unemployment compensation, the schedules given me were at the most undesirable times and days and always two courses instead of the three that most faculty members are given.

Thus, the Court liberally construes Plaintiff's allegations to consist of the following: (1) that he engaged in a protected activity known to Defendant, i.e., the filing of the January 23, 2007

---

[8] Although Defendant's failure to promote Plaintiff to a full-time position might otherwise have qualified as an adverse employment action, it has already been determined that Plaintiff's failure to submit a job application for the position was fatal to his failure to promote claim.

9

EEOC charge or the January 25, 2010 district court complaint against Defendant,[9] and (2) that Defendant retaliated against Plaintiff by assigning to him fewer courses at less desirable times.[10] Further, an inference of causal connection between Plaintiff's filing of his discrimination complaint and the reduced and unfavorably timed teaching assignments may be drawn from the fact that the adverse changes occurred "soon after" the filing of the complaint. *See Gelin*, 2005 WL 2456742, *11 (S.D.N.Y. Sept. 30, 2005) (stating that a causal connection between a protected activity and an adverse employment action may be established based on temporal proximity if a protected activity "was closely followed in time by the adverse action") (citing *Davis v. State Univ. of New York*, 802 F.2d 638, 642 (2d Cir. 1986)).

Because Plaintiff has set forth sufficient allegations with respect to each element of the prima facie case for his Title VII retaliation claim, the claim is permitted to proceed. *See Patane*, 508 F.3d at 115 (finding the district court to have erred in dismissing a plaintiff's Title VII retaliation claim because she had sufficiently alleged each of the three elements of the prima facie case).

## *CONCLUSION*

For the reasons stated above, Defendant's motion to dismiss is granted in part and denied

---

[9] Plaintiff did not identify which complaint allegedly led to retaliation on the part of Defendant.

[10] The Supreme Court has held that "the scope of Title VII's anti-retaliation provision is broader than that of its discriminatory action provisions," *Patane*, 508 F.3d at 116 (internal citation omitted), such that any materially adverse action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination" constitutes a retaliatory activity for purposes of a Title VII retaliation claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Thus, a reduction in the number of courses assigned and an unfavorable change in the teaching schedule may well rise to the level of a retaliatory activity for purposes of a Title VII retaliation claim even if such changes in employment conditions would not have qualified as adverse employment actions for purposes of a Title VII discrimination claim.

in part. Plaintiff's Title VII failure to promote and gender discrimination claims are dismissed for failure to state such claims. The Title VII retaliation claim has been sufficiently alleged and therefore may proceed.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: May 30, 2012
Brooklyn, New York